United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 24, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60443
Summary Calendar

VOLKS CONSTRUCTORS, INC.; GRAY INSURANCE CO.,

Petitioners,

versus

CURLIS P. MELANCON; DIRECTOR, OFFICE OF
WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,

Respondents.

--------------------
Petition for Review of an Order
of the Benefits Review Board
(03-0528)
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Petitioner Volks Constructors, Inc., and its insurer Petitioner Gray Insurance Co. (collectively "petitioners"), seek review of the final order of the Benefits Review Board ("BRB" or "Board") that affirmed the Administrative Law Judge's ("ALJ") calculation of Melancon's average weekly wage at $577.45 and awarded total disability compensation of $384.97 per week based on that average weekly wage calculation. We have carefully reviewed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the record, paying particular attention to the opinion of the ALJ and the BRB, and have duly considered the factual analyses and legal arguments advanced by counsel for petitioners and respondents as set forth in their respective briefs to this court. When reviewed in the deferential framework that is applicable, viz., upholding the factual findings and legal conclusions of the ALJ if they are grounded in substantial evidence (more than a modicum and not necessarily a preponderance), and are rational and in accordance with law, we are convinced that review should be denied.

As the Board noted, the parties agree that the ALJ employed the appropriate subsection of the LHWCA, 33 U.S.C. § 910(c), to determine Melancon's average weekly wage. Petitioners' dissatisfaction is not with the standard applied but with the particular historical earnings figures and sectors of the economy that the ALJ chose to use in his calculation. When viewed in the perspective of the policy of the LHWCA and the plethora of discrete facts in evidence here, we agree with the BRB's characterization of the ALJ's handling of this case. We cannot credit respondents' charge of bias; there is more than substantial evidence to support the facts found and law applied by the ALJ; in the context of § 910(c), the weekly wage calculations are reasonable —— not unreasonable —— estimates of Melancon's earning capacity when he was injured; and, candidly, petitioners' contention that this piledriver operator cum auto mechanic should have his annual earning capacity calculated solely on the basis of his own,

2

subjective profit during a two-season entrepreneurial deviation into crawfish farming, with all of its variables, vicissitudes, and vagaries, borders on the ludicrous.

In sum, we conclude that the determination of the ALJ, and the affirmance thereof by the BRB in its final order, are supported by substantial evidence and are rational and reasonable dispositions of the matter. The petition for review of the final order of the Board is, therefore,

DENIED.